923 F.2d 848
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles A. BROWER, Plaintiff-Appellant,
v.
Doctor SMITH (Psychiatrist), Defendant-Appellee.
 No. 89-6700.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1990.
Decided Jan. 18, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. John D. Larkins, Jr., Senior District Judge. (CA-88-645-CRT)
 Charles A. Brower, appellant pro se.
 Jacob Leonard Safron, Special Deputy Attorney General, Raleigh, N.C., for appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles A. Brower, a North Carolina inmate housed at the Central Prison's Mental Health West unit, filed a 42 U.S.C. Sec. 1983 complaint seeking monetary and injunctive relief alleging that he had been subjected to the forcible administration of antipsychotic medication over his objection. The district court granted defendant's motion for summary judgment, holding that the administration of the medication was properly based on the professional judgment of the defendant. We vacate and remand.
 
 
 2
 This situation was addressed by the Supreme Court in its decision in Washington v. Harper, 58 U.S.L.W. 4249 (U.S. Feb. 27, 1990) (No. 88-599).[1] In Harper, the Court recognized that an inmate in these circumstances has a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." 58 U.S.L.W. at 4252. Thus, a state may only "treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interests." Id. at 4254.
 
 
 3
 To ensure that this liberty interest is protected, the Court held that a judicial, adversarial hearing was not required but that procedural safeguards are needed to ensure the prisoner's interests are taken into account. Id. at 4256. Primary among these safeguards is the necessity for independent review of the decision to medicate. The Court noted with approval that the scheme implemented by the State of Washington provided for a separate administrative hearing to review the doctor's decision to medicate and that "[n]one of the hearing committee members may be involved in the inmate's current treatment or diagnosis." Id. Furthermore, the Court held that due process was satisfied with the Washington provisions for notice of the hearing, the right to be present at the hearing, the right to present and cross-examine witnesses, and judicial review of the decision to medicate. Id.
 
 
 4
 In this case, the record shows that Dr. Smith, the defendant, ordered forced medication of thorazine to Brower on several occasions. Smith consulted with another physician on one occasion. On four other occasions a psychotropic medication committee authorized an order to force medication.
 
 
 5
 The district court held that the administration of the drugs was proper because it was pursuant to the professional judgment of Dr. Smith, a licensed psychiatrist. The district court reached this conclusion in large part on our decision in United States v. Charters, 863 F.2d 302 (4th Cir.1989) (en banc), cert. denied, 58 U.S.L.W. 3565 (U.S. Mar. 5, 1990) (No. 88-6525). The district court's reading of Charters was reasonable.[2] However, we follow, as we must, the law as articulated by the Supreme Court in Harper. Based on Harper, we find the record before us inadequate to support the entry of summary judgment in favor of defendant. Although the proper substantive standard underlay the decision to medicate Brower, the record does not disclose whether he received the procedural protections--in particular notice and an opportunity to present and cross-examine witnesses--approved in Harper.
 
 
 6
 Accordingly, we vacate the judgment of the district court and remand for further proceedings. We deny Brower's motion for appointment of counsel. Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984). We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 [1]
 This case was held in abeyance by this Court pending the decision in Harper
 
 
 [2]
 In Charters, we held that the exercise of "professional judgment" by the medical officials responsible for the inmate was the "process due" in this context. 863 F.2d at 312. However, it should be noted that in Charters, the district court conducted an adversarial hearing on the decision to medicate Charters. Id. at 304-05